J. W. Ross et al. v. G. G. Holloway et al.

Chancery. *Injunction against judgment. Neglect to make defence. Case in judgment.*

R. & B. were garnished in two attachment cases against T., one in favor of C. & Co., the other in favor of H. In the latter case a judgment was rendered against them for want of an answer, and they filed a bill in chancery to enjoin the execution thereof. The bill alleges that the complainants went to the court for the purpose of answering in both cases, and did file an answer in the case of C. & Co., and either filed a like answer in the case of H., which has been lost or stolen, or else they were honestly mistaken as to the fact of having filed an answer; and they believed it had been filed till after the adjournment of the court; that although H. and his attorney both knew that complainants only owed T. $107, they took judgment against complainants for $855. The bill states that B. has an attachment against T. on a debt of $1,600; and that H.'s claim is fraudulent and prosecuted by collusion with T. to defraud the creditors of the latter. H. and T. answered, severally, denying the fraud charged, and denying that any answer to the garnishment was filed by R. & B., and claiming that the judgment was fairly and regularly obtained. A motion was made to dissolve the injunction, supported by affidavits tending to establish the denials in the defendant's answers, and the chancellor made an order granting the motion. The complainants appealed. *Held,* that the bill is not maintainable.

Appeal from the Chancery Court of Copiah County.

Hon. E. G. Payton, Chancellor.

On the 15th of March, 1882, J. W. Ross and D. D. Benson filed the bill in this case to enjoin the execution of a judgment

at law in favor of G. G. Holloway against them as garnishees, which purports to have been rendered for want of answer to the writ of garnishment.   The bill alleges that the complainants were garnished in two attachment cases against J. S. Terrell ; in one of which H. T. Cottam & Co. were plaintiffs, and in the other G. G. Holloway was the plaintiff.   That they intended to answer both garnishments, and went to the court for that purpose, and believed they had filed answers in both cases till after the adjournment of the court.   That they did file a perfect answer in the Cottam & Co. case, and either filed a like answer in the Holloway case and it has been lost or stolen, or else complainants were honestly mistaken in the matter of fact as to whether it was filed.   That Holloway and his attorney had actual knowledge that the complainants only owed to Terrell $107, but with this knowledge they took a judgment against complainants for $855.   The bill also charged that Holloway's claim against Terrell was fraudulent, and that the attachment and garnishment were prosecuted by collusion between Holloway and Terrell for the purpose of defrauding the creditors of the latter.   The bill stated, too, that Benson was a creditor of Terrell for $1,600, and had taken out an attachment against him before the commencement of Holloway's suit.   Holloway and Terrell, severally, answered the bill, denying all the charges of fraud, and denying, also, that the complainants ever filed any answer to the garnishment, and claiming that the judgment was regularly and fairly obtained. The answers did not deny Terrell's indebtedness to Benson and the issuance of the attachment thereon.   After the filing of their answer, the defendants moved to dissolve the temporary injunction granted upon the filing of the bill.   At the hearing of the motion affidavits were presented tending to show that no answer to the garnishment was ever filed by the complainants, though they came to the court for that purpose and doubtless left, thinking their answer had been filed.   The affidavits also tended to disprove the charges of fraud contained in the bill.   The chancellor made an order dissolving the injunction, and thereupon the complainants appealed.

*R. H. Thompson*, for the appellants.

According to the admissions of the answer, Holloway and his attorney both knew, when they took the judgment for $855, that garnishees (now appellants), only owed defendant in attachment $107. I say, therefore, with these admissions, that Holloway confessed to the perpetration of an outrage, which is condemned by all principles of honesty and of law. Now is presented to this court a case in which, putting it strongest for appellee Holloway, the defendants in his judgment neglected and forgot to make answer, but the plaintiff absolutely knew, without the answer, the exact extent of liability, and nevertheless took judgment for eight times more than was conscionable.

*H. B. Mayes*, on the same side.

1. The injunction should have been retained, that the *bona fides* of Holloway's attachment against Terrell might be inquired into. A court of equity will relieve against a judgment obtained by fraud, and the garnishee, who is not a party, and cannot plead to the original attachment, may show in equity that said attachment and judgment thereon was obtained by collusion between the parties thereto to hinder, delay and defraud creditors of the defendant, when the garnishee is one of the creditors prejudiced by the fraud. Hill. on Inj., p. 110, sect. 41.

2. " What is the nature or degree of mistake which is relievable in equity, as distinguished from mistake which is due to negligence, and, therefore, not relievable, cannot well be defined so as to establish a general rule, and must in a great measure depend upon the discretion of the court under all the circumstances of the case." Kerr on Fraud, 406, 407.

*Benj. King, Jr.*, and *R. N. Miller*, for the appellees.

The complainants had their day in the Circuit Court with ample opportunity to defend the suit. They were not prevented from doing so by fraud or accident, but they say they were mistaken in believing that they had answered. Such mistake is imputable to their own negligence and entitles

them to no relief.'' Kerr on Fraud, 406, 407. '' The loss
of a defence, to justify a court of equity in removing a judg-
ment, must, in all cases, be occasioned by the fraud or act of
the prevailing party, or by mistake or accident on the part of
the losing party, unmixed with any fault of himself or his
agent.'' Freem. on Judg., sects. 486, 502, 503, 506. Thomp-
son on Prov. Rem. 277. Hill. on Inj. 188. *Jordan* v. *Thomas,*
34 Miss. 72; *Meek* v. *Howard,* 10 Smed. & M. 502; *Will-
iams* v. *Jones,* 10 Smed. & M. 108; *Semple et al.* v. *McGatogan
et al.,* 10 Smed & M. 98; *Shipp* v. *Wheeliss,* 33 Miss. 652;
*Brown* v. *Planters' Bank,* 23 Miss. 406; *Scroggins* v. *Ho-
warth,* 23 Miss. 514; *Duncan* v. *Lyon,* 3 Johns. Ch. 357; Bis-
pham's Eq. 370.

CAMPBELL, C. J., delivered the opinion of the court.

Diligent search and full consideration have not enabled us
to discover a precedent or principle to maintain the bill of the
appellants, and the decree dismissing it is affirmed.